IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TWO MEN AND A TRUCK/INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBET LEE THOMAS, individually and d/b/a "TWO MEN AND TWO TRUCKS,"<br><br>Defendant. | CASE NO. 8:12CV340<br><br><br>ORDER AND<br>PERMANENT INJUNCTION |

This matter is before the Court on Plaintiff Two Men and a Truck/International, Inc.'s Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendant Robert Lee Thomas, Individually and D/B/A "Two Men and Two Trucks" (Filing No. 20), filed November 13, 2012 (the "Motion"). The Court has carefully considered the evidence Plaintiff has submitted and the allegations in Plaintiff's Verified Complaint. The Court finds that judgment should be entered in favor of Plaintiff and that the Plaintiff's motion for permanent injunction should be granted.

On September 21, 2012, Plaintiff filed its Verified Complaint alleging three claims for relief against Defendant Robert Lee Thomas, individually and d/b/a Two Men and Two Trucks" (collectively, "Thomas"): (1) infringement of federally registered trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) federal unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition and infringement in violation of the common law of the State of Nebraska. On September 25, 2012, Plaintiff filed a Motion for Preliminary Injunction (Filing No. 8), supported by a brief (Filing No. 9) and index of evidence (Filing No. 10). On October 3, 2012, Thomas was duly served with a copy of the Verified

Complaint, together with a properly-issued Summons, Plaintiff's Motion for Preliminary Injunction, and brief and index of evidence that supported of Plaintiff's Motion for Preliminary Injunction, by personal service at 7611 Pacific Street, Omaha, Nebraska 68124. (Filing No. 11.)

Thomas has not answered or otherwise pleaded, and has not appeared in this matter. On October 26, 2012, Plaintiff filed a Motion for Entry of Default. (Filing No. 13.) On October 29, 2012, the Clerk granted Plaintiff's motion. Thomas's default has been entered on the record. (Filing No. 15.) On November 7, 2012, the Court granted Plaintiff's Motion for Preliminary Injunction (Filing No. 19), and on November 13, 2012, Plaintiff filed the present Motion.

The Court finds that the requirements of Federal Rule of Civil Procedure 55(b) have been satisfied. Furthermore, Thomas is deemed to have admitted the facts alleged in the Verified Complaint and the facts presented in Plaintiff's brief in support of its motion for preliminary injunction. *See Big Rig Repair, Inc. v. Heatflexx, Inc.*, No. 8:08CV397, 2009 WL 1409259 (D. Neb. May 18, 2009); NECivR 7.1(b)(1)(C).

Plaintiff has properly alleged violations of sections 1114 and 1125(a) of the Lanham Act, and that Thomas's conduct constituted unfair competition in violation of Nebraska law. Plaintiff had ownership rights in its TWO MEN AND A TRUCK Mark, and Thomas has used a confusingly similar variation of that mark that is likely to cause consumer confusion as to the source, origin, or affiliation of Thomas's services. Moreover, the Court finds that Thomas's conduct constituted a willful infringement of Plaintiff's registered trademarks. As a direct and proximate result of Thomas's unlawful conduct, Plaintiff has suffered, and will continue to suffer, irreparable damages and

inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Such conduct has impaired and, unless enjoined, will continue to impair the ability of Plaintiff's authorized franchisees to operate successfully in Nebraska. Consequently, Plaintiff is entitled to permanent injunctive relief against Thomas. *See* 15 U.S.C. § 1116. Moreover, the Court finds that this is an "exceptional case" for which Plaintiff may recover an award of attorney fees pursuant to 15 U.S.C. § 1117(a). *See Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011).

Plaintiff seeks a monetary award in the amount of its reasonable attorneys' fees and expenses incurred in connection with this action. Plaintiff has pointed to evidence indicating that the amount of attorneys' fees and expenses it has incurred equals $39,493.47. (Filing No. 22.) The Court finds that this amount constitutes a reasonable attorney fee pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983),[1] and that such an award is appropriate in lieu of an award of damages or a disgorgement of profits.

---

[1] *See Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 433–34 & n.7)):

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendant Robert Lee Thomas, Individually and D/B/A "Two Men and Two Trucks" (Filing No. 20) is granted;

2. Plaintiff shall recover from Thomas the sum of $39,493.47 in attorney fees;

3. Thomas and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Thomas, or in concert or participation with Thomas, are permanently enjoined and restrained from:

   a) using the designation "Two Men and Two Trucks," the URL <www.twomenandtwotrucks.com>, and any other confusingly similar imitation of Plaintiff's TWO MEN AND A TRUCK Mark, in connection with Thomas's business or services, including but not limited to the advertising of those services and use of the above-referenced marks or designations within the phrase "formerly known as . . ."; and

   b) using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Thomas's business or services

are the business or services of Plaintiff, or are sponsored by or in any way related to Plaintiff.

4.  Thomas shall surrender immediately and without financial encumbrance to Plaintiff the URL <www.twomenandtwotrucks.com> and the telephone number (402) 208-0210, and Thomas shall deliver up to Plaintiff for destruction all labels, signs, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Thomas that are found to adopt or infringe Plaintiff's TWO MEN AND A TRUCK Mark, including without limitation the designation "Two Men and Two Trucks."

5.  Within thirty (30) days of the entry of this Permanent Injunction and Order, Thomas on behalf of himself and his affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Thomas, or in concert or participation with Thomas, shall submit to the Court a written report, under oath, detailing his efforts to comply, and certifying his compliance, with this Permanent Injunction and Order.  The report shall include confirmation that Thomas surrendered without financial encumbrance to Plaintiff the URL <www.twomenandtwotrucks.com> and the telephone number (402) 208-0210, and that Thomas destroyed all labels, signs, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Thomas that are found to adopt or infringe Plaintiff's TWO MEN AND A TRUCK Mark, including without limitation the designation "Two Men and Two Trucks."

6. This Court shall retain jurisdiction over this matter to enforce any violation of the terms of this Final Judgment and Permanent Injunction by Default. If any such violation occurs, the Court will award (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach; (b) injunctive relief enjoining any further breach of this Final Judgment and Permanent Injunction by Default, or such modifications to the present Permanent Injunction and Order as the Court deems appropriate; (c) attorneys' fees, costs, and disbursements; and (d) such other relief as the Court deems just and proper.

7. The Clerk of the Court is directed to close this case for statistical purposes.

8. A separate judgment will be entered.

Dated this 10th day of December, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge