IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TWO MEN AND A TRUCK/INTERNATIONAL, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> ROBET LEE THOMAS, individually and d/b/a "TWO MEN AND TWO TRUCKS," <br><br>  Defendant. | CASE NO. 8:12CV340 <br><br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff's unopposed Motion to Fix Attorneys' Fees Previously Awarded (Filing No. 32). On February 4, 2013, the Plaintiff filed a motion seeking to hold the Defendant in contempt and for sanctions. (Filing No. 26.) After a hearing (Filing No. 30), the Court granted the Plaintiff's motion to hold the Defendant in contempt and for sanctions. Pursuant to the Plaintiff's request, the Court ordered, in relevant part, that "[t]he Defendant . . . pay the Plaintiff its reasonable attorneys' fees and costs incurred in bring[ing] the [motion for contempt and sanctions]." (Filing No. 31 at 3 ¶ 4.) The Court directed the Plaintiff to "submit its statement of attorneys' fees and costs . . . on or before March 18, 2013." (*Id.*)

The Plaintiff filed the present Motion on March 18, 2013, along with a supporting brief and index of evidence (Filing Nos. 33 & 34), to support its claim to an award of attorneys' fees and costs incurred in bringing its motion to hold the Defendant in contempt and for sanctions. The declarations of the Plaintiff's attorneys' reflect that the Plaintiff incurred $20,345.80 in attorneys' fees and costs[1] in bringing its motion to hold Defendant in contempt and for sanctions, and the billing statements attached to those declarations indicate that the Plaintiff incurred that amount of fees and costs in bringing

---

[1] The declarations reflect that the total attorneys' fees the Plaintiff incurred equal $19,652.50, and that the total costs incurred equal $693.30.

its motion for contempt and sanctions. The Defendant has not opposed the Plaintiff's Motion, and the time for filing an opposition has expired. See NECivR 7.1(b)(1)(B).

Having reviewed the matter, the Court finds that the Plaintiff has pointed to evidence indicating that it has incurred $20,345.80 in attorneys' fees and expenses in bringing its motion to hold the Defendant in contempt and for sanctions, and that the amount of attorneys' fees the Plaintiff seeks to recover constitutes a reasonable attorney fee pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983).[2]

Accordingly,

IT IS ORDERED that the Plaintiff's unopposed Motion to Fix Attorneys' Fees Previously Awarded (Filing No. 32) is granted, as follows:

> The Plaintiff shall recover from the Defendant the sum of $20,345.80 in attorneys' fees and expenses incurred in bringing its motion to hold the Defendant in contempt and for sanctions.

Dated this 16th day of April, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2] See *Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010) (quoting *Hensley*, 461 U.S. at 433–34 & n.7)):

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.